Date signed September 07, 2005



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PEGGY E. STEVENS | : | Case No. 04-34295PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

The court scheduled a hearing on the First and Final Application for Compensation and Reimbursement of Expenses for the law firm of Shulman, Rogers, Gandal, Pordy & Ecker, P.A., attorneys for the Trustee. The attorneys seek compensation of $2,721.50 and reimbursement of expenses of $57.00 for services rendered the Trustee, a member of the attorney's law firm. The Trustee is seeking $2,700.96 for his services. In short, the professionals seek compensation in an amount equivalent to approximately 40% of the claims filed in this case, that aggregate $13,859.81. However, it must be noted that the Trustee's Report reports payment in full to the scheduled creditors.

The funds to pay the creditors were raised by the Debtor following the filing of an adversary proceeding to sell the interest of the Debtor in the property that she owned as a tenant in common with another individual. Debtor originally scheduled this property as being owned as a tenant by the entireties. Had that erroneous scheduling passed through, the creditors would have received nothing.

While the combined fees charged appear to be extraordinary in the light of what was paid to the creditors, the Debtor has no one but herself to blame for this expenditure. The court will give the Debtor and her counsel the benefit of the doubt that the original scheduling of the real

property in the form of a tenancy by the entireties was carelessness and nothing more. If the Debtor and her counsel had focused on the ownership of the property and the existence of equity in the property that was subject to the action of the Trustee, it would have been obvious to them that filing a bankruptcy case under Chapter 7 was the most expensive means of escaping from the burden of unsecured debt. The court questions the advisability of filing this bankruptcy case in the first instance.

After careful consideration of the record herein, including the fact that the Trustee is seeking the very maximum commission allowable in this case and is seeking as well commission on sums turned over to himself and the law firm and the billing for internal conversations, the court will allow compensation in the sum of $2,450.00 and reimbursement of out of pocket expenses of $57.00 to counsel for the Trustee.

An appropriate order will be entered.

cc:
Kasey L. Edwards, Esq., 8201 Corporate Drive, Suite 1140, Landover, MD 20785
Peggy E. Stevens, 5009 Woodland Blvd., Oxon Hill, MD 20745
Scott D. Field, Trustee, 11921 Rockville Pike, Rockville, MD 20852
James M. Hoffman, Esq., Suite 300, 11921 Rockville Pike, Rockville, MD 20852

**End of Memorandum**